UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

DISABLED PATRIOTS OF AMERICA,
INC., a Florida Not for Profit Corporation,

    Plaintiff,

vs.                                      Case No.

MKBN HOSPITALITY, L.L.C., a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not for Profit Corporation, on its behalf and on behalf of all other mobility-impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, MBKN Hospitality, a Florida Limited Liability Company, doing business as Sleep Inn (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

    1.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a not for profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 9691 Collins Road, Fenwick, MI 48834, in the County of Montcalm.

    2.    Defendant's property, Sleep Inn, is located at 2715 Crossroads Pkwy., Ft. Pierce, FL 34945, in the County of St. Lucie.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq*. *See also*, 28 USC § 2201 and § 2202.

5. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

6. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Betancourt is a double amputee who uses either prosthetic devises or a wheelchair for mobility. Mr. Betancourt is a member of the Plaintiff's organization, DISABLED PATRIOTS OF AMERICA, INC., discussed above in paragraph 5.

7. Rudy Betancourt regularly comes to South Florida from Michigan to see close relatives, friends, including those who are involved in post service Marine Corp. activities - (Mr. Betancourt served 8.5 years in the United States Marine Corp.), fellow group members of the Plaintiff, Disabled Patriots of America, the group's attorney, to advocate for disability rights, and to enjoy the weather, and plethora of cultural events and eating establishments the area offers. Mr. Betancourt often drives from Michigan, and stays overnight in different cities along the path to his destination, such as Fort Pierce, where he stops for overnight stays and to enjoy the beaches in Fort Pierce and Fort Pierce Inlet Park.

8. Mr. Betancourt stayed as a hotel guest at the subject hotel, which forms the basis of this lawsuit, on June 29, 2021, and he intends to return to the subject hotel once it is made accessible for his use to avail himself of the goods and services at the property and to confirm the property is brought into compliance with its ADA.

9. Mr. Betancourt intends to continue to return to the South Florida area on a regular basis, and he definitely shall be returning to Fort Pierce in the near future.

10. The barriers to access at the subject property have endangered his safety.

11. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Sleep Inn, and is located at 2715 Crossroads Pkwy. Fort Pierce, FL 34945.

12. DISABLED PATRIOTS OF AMERICA, INC. and Rudolph Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to

the allegations in paragraph 14 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Mr. Betancourt desires to visit Sleep Inn, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff, and the members of the corporate Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Sleep Inn, has shown that violations exist.  These violations which Rudolph Betancourt personally encountered or observed, and which were confirmed by an ADA expert include, but are not limited to:

**Accessible Route**

A. There is no accessible route within the site provided from the accessible parking spaces to the main lobby entrance due to the non-compliant curb ramp making it difficult for the plaintiff to traverse the accessible route, in violation of section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

B. The curb ramp has side flares that exceed the maximum slope allowance of 10% and does not provide a level landing making it difficult for the plaintiff to traverse, in violation of sections 406.3 and 406.4 in the 2010 ADA Standards, whose resolution is readily achievable.

C. The ramps landing has accumulation of water due to the drainage pipe making it difficult for the plaintiff to traverse, in violation of section 405.10 in the 2010 ADA Standards, whose resolution is readily achievable.

4

### Entrances

A. The main lobby entrance does not provide the international symbol of accessibility making it difficult for the plaintiff to identify the accessible entrance, in violation of section 216.6 and 707.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The side entrances ramp landing does not provide clear width as wide as the ramp does not provide 60 inches of clear length minimum due to the obstruction of the trash receptacle making it difficult for the plaintiff to traverse, in violation of sections 405.7.2 and 405.7.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Pool Area

A. The accessible route to the entrance of the pool has vertical changes in level greater than ¼ inch due to the deep cracks and abrasiveness on the walkway that leads to the accessible main entrance making it difficult for the plaintiff to traverse, in violation of section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The curvilinear ramp leading to the entrance of the pool has changes in direction creating a compound slope and does not meet the requirements for an accessible route making it difficult for the plaintiff to traverse, in violation of sections 405.7 and 405.7.4 in the 2010 ADA Standards, whose resolution is readily achievable.

C. There pull gate for the swimming pool does not provide 18 inches of latch side maneuvering clearance making it difficult for the plaintiff to utilize, in violation of section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable.

D. The tables in the pool area do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Common-Lobby Area

A. The tables used as the service counter does not compliant knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Parking

A. There is no marked access aisle at the passenger loading zone making it difficult for the plaintiff to utilize, in violation of section 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Men's Restroom**

A. The plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water lines being partially exposed and not fully insulated as required, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable..

B. The toilet paper is not 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser as required making it difficult for the plaintiff to utilize, in violation of section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

C. The side wall grab bar does not extend 54 inches minimum from the rear wall as required making it difficult for the plaintiff to utilize, in violation of section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

D. The 24 inch long grab bar on the back wall is not centered and does not provide 12 inches minimum on one side and 12 inches minimum on the other side making it difficult for the plaintiff to utilize, in violation of section 604.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The lavatory is obstructing the toilet's 60 inches of perpendicular from the side wall making it difficult for the plaintiff to utilize, in violation of sections 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Guest Room 108**

F. The towel rack exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

G. The plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water lines being exposed, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

H. The towel shelf is obstructing the toilet's 56 inches of perpendicular clearance from the rear wall making it difficult for the plaintiff to utilize, in violation of section 604.3.1 and 604.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

I. The toilet is obstructing the clear floor space to the storage shelf on the rear wall above and it exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize.

J. The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 603.3 in the 2010 ADA Standards, whose resolution is readily achievable.

K. The toilet paper dispenser is not 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser as required making it difficult for the plaintiff to utilize, in violation of section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

L. The seat wall provides a grab bar above the permanent folding seat making it difficult for the plaintiff to utilize the seat, in violation of section 608.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

M. The controls and shower spray unit in the standard roll-in type shower are not in the compliant location on the back wall 27 inches maximum from the seat wall as required making it difficult for the plaintiff to utilize, in violation of section 608.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

N. The shower spray unit does not provide an on/off control with a non-positive shut-off as required making it difficult for the plaintiff to operate, in violation of section 607.6 in the 2010 ADA Standards, whose resolution is readily achievable.

O. The back wall grab bar is not 6 inches maximum from the side wall opposite of the seat as required making it difficult for the plaintiff to utilize, in violation of section 608.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

P. The lavatory is obstructing the toilet's 60 inches of perpendicular clearance making it difficult for the plaintiff to utilize, in violation of section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

Q. The curtain rods exceed the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to utilize, in violation of section 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

R. Both sides of the bed do not provide 36 inches of clear width for a length of travel that is 4 feet minimum making it difficult for the plaintiff to utilize the bed, in violation of section 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

    S.    The closet's storage shelf and hanger rod exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Lack of Complaint Disabled Rooms Properly Disbursed**

    A.    The subject hotel lacks the required number of complaint disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

    A.    The accessible features of the facility are not maintained, creating barriers to access for Rudolph Betancourt, as set forth herein, in violation of 28 CFR 36.211.

15.    All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

16.    The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff, members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans

with Disabilities Act.

17. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, *et seq.* and 28 CFR 36.302, *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

20. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities,

including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

22. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Sleep Inn, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

B. Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to

   individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

E. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

         Respectfully submitted,

         /s/John P. Fuller
         John P. Fuller, Esq., FL Bar No. 0276847
         FULLER, FULLER & ASSOCIATES, P.A.
         12000 Biscayne Blvd., Suite 502
         North Miami, FL 33181
         (305) 891-5199
         (305) 893-9505 - Facsimile
         jfuller@fullerfuller.com

         *Counsel for Plaintiff Disabled Patriots of America, Inc.*